U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   SHREVEPORT

AUG 1 9 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Form to be used by a prisoner filing a civil rights complaint under
THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

_Jeremy Keith Gillis #53522_
Full Name of Plaintiff, Prisoner Number

_5:13-cv-2506 See P_
Civil Action

VS.

Judge _____

_Andraeous Ary Et Al_
Defendant

Magistrate Judge _____

## COMPLAINT

### I.   Previous Lawsuits

A.   Have you begun any other lawsuit while incarcerated or detained in any facility?
Yes [X]     No [ ]

B.   If your answer to the preceding question is yes, provide the following information.

1.   State the court(s) where each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish):

_19th Judicial District Court_

2.   Name the parties to the previous lawsuit(s):

Plaintiffs:  _Jeremy Keith Gillis_

Defendants:  _La. Department of Pub. Safety and Corrections_

3.   Docket number(s):  _620, 945_

4.   Date(s) on which each lawsuit was filed:  _April 23, 2013_

5.   Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

_This matter is still and open case_

2

has been dismissed?

Yes __X__        No _____

If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_U.S. District Court - Western District of LA.; 2:11-CV-0211-_

_PM-KK and Failing to state a Claims._

**II.   A.   Name of institution and address of current place of confinement:**

_David Wade Corr. Ctr. 670 Bell Hill Rd. Homer, LA. 71040_

B.   Is there a prison grievance procedure in this institution?

Yes __X__        No _____

1.   Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes __X__        No _____

If Yes, what is the Administrative Remedy Procedure  number? _DWCC- 2013-0310_

2.   If you did not file an administrative grievance, explain why you have not done so.

_____

_____

3.   If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

_All steps having been taking befor filling Suit._

_____

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

A. Name of Plaintiff ~~Jeremy~~ Jeremy Keith Gillis #537522

Address DWCC/ 670 Bell Hill Rd. Homer, LA. 71040

B. Defendant, John Pesnell , is employed as

Transporting officer at DWCC .

Defendant, Tommy Garrett , is employed as

Executive staff officer at DWCC .

Defendant, Paula Millwee , is employed as

Register Nurse at DWCC .

Additional defendants Angie Huff, Assistant Warden, DWCC; Joel Williams, RN,

DWCC; John Martin, LPN, DWCC, Kathy Smith, RN, DWCC; Pamela Hearn, MD, DWCC; Jeffrey Fuller, MD, DWCC.

IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

(See attached pages)

## Statement of Claim:

This is a §1983 civil action filed by Plaintiff, Jeremy K. Gillis, a state prisoner, alleges that his U.S. Constitutional Rights under the 8th amendment were violated by David Wade Prison officials (trip officers and E.M.T.'s) as it concerns the Right to Receive "initial" adequate medical treatment and then subsequent "follow-up" medical care for neck and lower-back injuries sustained as a Result of Prison-to-Prison transfer for Purposes of attending a Court Ordered appearance in another Parish.

While en Route to another Prison for Purposes of a Scheduled Court-Ordered appearance in another Parish the Prison bus that Plaintiff was on struck an animal (deer); the trip officer(s) driving the Prison shuttle bus, out of impulse and ~~reflex~~ Reflex "slammed" on brakes and Yanked on steering wheel causing the Plaintiff to experience a Pain Whip-lash and Jerking effect in his neck and upper body — ending at the waist (lower-back). This Pain accident/incident has left Plaintiff to endure soreness and stiffness in neck area whenever he turns his head etc.; as well as a sharp debilitating Pain in lower back which makes it extremely difficult to sit stand or lay down w/o suffering.

1. On March 4, 2013 Plaintiff Jeremy K. Gillis was departing from David Wade Correctional Center in Homer, La. and travelling to Elayn Hunt Correctional Center in St. Gabriel La. for a scheduled court order in another Parish (set for March 6, 2013 — 2 days away).

2. The Blue Bird Prison shuttle bus that Plaintiff was travelling on on this date was numbered #296 and was being ~~off~~ alternately driven by D.W.C.C. Prison officers Master Seargant "John Doe" Ary and Seargant "John Doe" Pesnell.

3. While travelling on this Prison shuttle bus en route to E.H.C.C. Plaintiff was not in a ~~seat~~ seat-belt*, but instead wearing full mechanical Restraints: hand-cuffs, black-box, waist-chains (w/ padlock) and Leg-irons.

4. During the trip, Plaintiff had been nodding out off and on, "dozing", but had suddenly awakened a few moments before the actual wreck/accident.

5. Upon awakening only a few minutes prior to Plaintiff first "felt" the Prison shuttle bus jolt (as if slamming on brakes) then he

*In violation of state law (all occupants of any vehicle must wear a seat belt when on state Roads/highways)

"heard" the screeching of tires followed by a violent jerking motion as the driver momentarily **swerved** side to side as he fought to regain control of the long rectangular prison shuttle bus.

6. It was during this incident — in which the prison bus driver (who had struck a large deer) had momentarily lost, then regained control of vehicle — Plaintiff experienced the rather painful whiplash encounter (his upper body suddenly jerking forward as his head/neck snapped backward) which resulted in the injuries he now complains about.

7. The prison bus driver(s) radioed for assistance as they eventually pulled the bus over to the side of the road. The local sheriff's office was Notified and arrived on the scene shortly thereafter.

8. At no time during this temporary stop was any Ambulance or E.M.S. called to the scene to provide medical attention or take complaints (assessment).

9. In fact several inmate including Plaintiff Jeremy K. Gillis immediately voiced medical complaints and requested to be "seen by someone". Both trip officers ( Ary and Pesnell ) downplayed

the seriousness of the accident by attempting to brush off complaints of injury and/or pain.

10. Said inmates were <u>ordered</u> to keep quiet and told to "<u>make sick-call whenever you get where you're going</u>."

11. Still reeling from the shock, while yet being in a great deal of pain, the Plaintiff reluctantly complied with this order to "keep quiet", and tried laying across the bus seat long ways for the duration of the trip.

12. So for the next several hours and while in a great deal of neck and lower back pain the Plaintiff endured a grueling delay of medical care that has caused him needless pain and suffering.

13. Finally upon reaching Elayn Hunt Correctional Center Plaintiff again requested medical treatment. And again he was denied by both trip officers ( <u>Ary</u> and <u>Pesnell</u> ) who stated they "<u>didn't have time for that; we must get back on the road</u>."[1.]

14. Unable to reasonably protest further, Plaintiff, while still fully shackled, lay back down across bus seat as the bus got back on the road and made its way to Kinder, La.

---

[1.] Plaintiff's final destination was not E.H.C.C. — it was merely a stop-over to drop off /pick-up other prisoners. Plaintiff's final stop was at Allen Correctional Center in Kinder, La..

15. For the Remainder of this trip, Plaintiff endured needless pain and suffering due to neck and lower back injuries caused by traffic accident several hours earlier.

16. It was not until his arrival at Allen Correctional Center in Kinder, La. that Plaintiff was finally Given a semblance of medical treatment by intake Nurse (R.N.) "Jane Doe" Roby.

17. As Plaintiff voiced his medical Concerns to her (R.N. "Jane Doe" Roby) Nurse Roby took his blood Pressure which she documented and commented aloud was "abnormally high".

18. Upon intake at A.C.C. ("Allen") Plaintiff's B/P of Record was 164 over 95.

19. Upon a Re-check Plaintiff's B/P had not levelled off and he had to be Given some B/P medication to lower it.

20. The very next day (on March 5, 2013) Plaintiff who was a "holdover for Court" at "Allen" made an emergency sick-call Regarding neck and lower back Pain.

21. L.P.N. "John Doe" Morgan concluded that Plaintiff's complaint was not an emergency and told him to make Regular sick-call — this was at Allen Correctional Center.

22. On March 7, 2013 R.N. Stine of A.C.C.

assessed the Plaintiff for the Routine Sick-Call made March 5, 2013 Relevant to Pain in the neck and lower back. During this same assessment, R.N. Stine informed Plaintiff that he would not be at Allen Correctional Center long enough to see the doctor and thus advised him to make sick-call at his Return to D.W.C.C.

23. On March 11, 2013 Plaintiff Returned to D.W.C.C. where upon intake he complained to a Nurse "John Doe" Smith about the ongoing Pain he was suffering in his neck and lower back.

24. After making Repeated sick-call(s) and then being seen by the Prison doctors (Dr. Jeffery Bruce Fuller and Dr. Pamela Hearns) at D.W.C.C. the Plaintiff was eventually Prescribed several Pain medications: _Nalroxen_, _Ibulrofen_ and _Mobic_[2] as well as Given X-Rays[3]

Claims for Relief:

25. That the actions of trip officers (Ary and Pesnell) in failing to Provide access to "initial" (Emergency) treatment, via E.M.S. or Ambulance immediately after traffic accident constituted a denial of medical Care in violation of the 8th amendment.

26. That the continued denial of access to any

---

[2]. This word is spelled Phonetically; unsure of correct spelling.

[3]. The Results of X-Rays are still Pending, and have not yet been dictated and Revealed to Plaintiff.

form of [adeQuate] medical care by trip officers toward Plaintiff even after Repeated complaints of Pain and suffering in neck and lower back Subjected the Plaintiff to the wanton and un-necessary infliction of Pain in violation of the 8th amendment.

27. That the overall actions of both trip officers constituted deliberate indifference to a serious medical need.

Relief ReQuested:

28. Compensatory Damages in the amount of $75,000.00 for the denial of adeQuate medical care and deliberate indifference to serious medical need(s).

29. Punitive Damages in the amount of $75,000.00 for the unnecessary and wanton infliction of needless Pain and suffering.

Pursuant to 28 U.S.C.§1746, I hereby declare under Penalty of Perjury that all of the foregoing is both true and correct.

Sworn this 8th day of August 2013.

_____
Jeremy K. Gillis #537522

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

(See Previous Pages ~~the~~ attached)

## VI. Plaintiff's Declaration

A.  I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B.  I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this _8th_ day of _August_, _2013_.

_537522_
Prisoner no. (Louisiana Department of
Corrections or Federal Bureau of Prisons
or Alien registration number)

_____
Signature of Plaintiff

5/2006

## MEMO

TO: Clerk of Court
From: Jeremy Keith Gillis #537522
Date: August 8, 2013
RE: Requesting Copys of Suit.

U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   SHREVEPORT

AUG 1 9 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Dear Clerk of Court,

I am sending you this memo along with my suit, because I am a Inmate/Offender of DWCC and also this suit is on this prison DWCC. Well I have tryed to get copy's maded, but was told by mark Hunter South Compound Classification that "do to me not having a Suit No./Civil Act. No. that no copys could be made." I am housed in the Cellblocks (N4B) and South compound Classification is the only way to get legal copys made. Also befor writing my law suit up I also requested Short Legal Paper, but was told by Inmate Lawer they only had Long Legal Paper.

Clerk I am asking you to provide me with (2) two Full copys of my Suit and return them to me at the following address: Jeremy K. Gillis #537522 DWCC/N4B2 670 Bell Hill Rd. Homer, La. 71040.

I thank you for all that you do to help me in this matter.

Respectfully Submitted,

Jeremy Keith Gillis #537522
DWCC/N4B2
670 Bell Hill Rd.
Homer, La. 71040

Note:
Along with this memo all together is 61 Pages! Page No's on the back on top Right hand side.