UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY KEITH GILLIS** | **CIVIL ACTION NO. 13-2506-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Jeremy Keith Gillis ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Andraeous Ary, John Pesnell, Tommy Garrett, Paula Millwee, Angie Huff, Joel Williams, John Martin, Kathy Smith, Pamela Hearn, Jeffery Bruce Fuller, and Jerry Goodwin . He claims he was denied medical treatment.

Plaintiff filed a motion to show cause and for temporary restraining order and/or preliminary injunction (Doc. 12). He asks that the court enjoin Defendants, their successors in office, agents, employees, and all other persons acting in concert with them from transferring him to another prison. Plaintiff then asks that Defendants be relieved of their duties until his case is completed and that he be temporarily transferred to another prison until his case is completed. He is asking that he receive proper medical treatment. In support of his motion, Plaintiff claims that he is HIV positive and has to be transported on medical trips several times a year with the same trip officers. He claims the medical staff has denied

him medical treatment for his lower back and neck. He also claims they have retaliated against him.

Plaintiff claims that he was placed in cell confinement for no reason and is therefore unable to go to the infirmary to receive his medication. He claims the denial of his medication has triggered his back and neck pain. He claims his sick call requests have been denied. He claims his HIV treatment is essential to his life and the lack of treatment has caused him to lose sleep and weight. Plaintiff claims he has continued pain, stiffness, and limited motion in his neck and back. He also claims he has difficulty walking.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The allegations in this motion do not present a substantial likelihood of success on the merits. Plaintiff has not exhausted his administrative remedies regarding these allegations prior to filing this complaint. His claim that he has been denied HIV treatment is a new claim. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that motion to show cause and for temporary restraining order and/or preliminary injunction (Doc. 12) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen(14) days after being served with a copy,

shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    **THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 29th day of July, 2014.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge