UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY KEITH GILLIS** | **CIVIL ACTION NO. 13-2506-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jeremy Keith Gillis ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 19, 2013. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Andraeous Ary, John Pesnell, Paula Millwee, Joel Williams, John Martin, Kathy Smith, Pamela Hearn, Jeffery Bruce Fuller, Warden Robert Rachal, and Jerry Goodwin as defendants.[1]

Plaintiff claims that on March 4, 2013, he was being transported to Elayn Hunt Correctional Center for a court appearance when the transport van struck a large deer.

---

[1] Plaintiff originally named Defendants Angie Huff and Tommy Garret but dismissed them and added Defendant Warden Robert Rachal (Doc. 33).

Plaintiff claims he was not in a seatbelt, but was wearing full mechanical restraints including handcuffs, black-box, waist chains with pad lock, and leg irons. He claims he suffered whiplash as his upper body suddenly jerked forward and his head and neck snapped backward.

Plaintiff claims the driver pulled the bus onto the side of the road and radioed for assistance. He claims that emergency medical services were not called to the scene to provide medical care. He claims he and other inmates immediately voiced medical complaints and requested medical attention. He claims trip officers Ary and Pesnell downplayed the seriousness of the accident. He claims the inmates were ordered to keep quiet and told to make a sick-call when they arrived at their destinations. He claims he complied with the order even though he was in a great deal of pain. Plaintiff claims that for the next several hours, he endured neck and lower back pain. He claims the delay in medical care caused him needless pain and suffering.

Plaintiff claims that when he arrived at Elayn Hunt Correctional Center, he requested medical treatment. He claims trip officers Ary and Pesnell denied him medical treatment because Allen Correctional Center in Kinder, Louisiana, was his final destination. He claims that for the remainder of the trip, he endured needless pain and suffering.

Plaintiff claims he did not receive medical treatment until his arrival at Allen Correctional Center. He claims Nurse Roby checked his blood pressure and commented that it was abnormally high. He claims that when it was rechecked, it was still high and he was given blood pressure medication.

Plaintiff claims that on March 5, 2013, he made an emergency sick-call regarding his neck and lower back pain. He claims Nurse Morgan concluded that his complaint was not an emergency and told him make a regular sick call. Plaintiff claims that on March 7, 2013, Nurse Stine accessed him for his routine sick call. He claims she advised him that he would not be at Allen Correctional Center long enough to see the doctor, and should make a sick call when he returned to David Wade Correctional Center. He was prescribed Tylenol and warm compresses.

Plaintiff claims that on March 11, 2013, he returned to David Wade Correctional Center. He claims that upon intake, he complained to Nurse Smith about the pain in his neck and lower back. He claims that after making repeated sick calls and then being seen by Dr. Fuller and Dr. Hearn, he was prescribed several pain medications, Tylenol, warm compresses, and x-rayed.

Plaintiff claims he should have been examined by a specialist. He also claims he should have received an MRI.

Plaintiff also claims he is being retaliated against because he filed this lawsuit. He claims that on September 23, 2013, he made a sick call because he still has lower back and neck pain. He claims he was written up for malingering because he filed the sick call. The disciplinary report filed by Plaintiff states that between March 2013 and September 23, 2013, he filed more than 25 sick calls for the same issue and was seen by the doctor three times. It also states that his X-rays were read by a radiologist and the findings were negative (Doc. 17, p. 10). He claims he can no longer make routine sick calls for his neck

and back because he was told he will be written up for doing so.

Plaintiff claims that on December 27, 2013, he was examined by Dr. Fuller and prescribed Ibuprofen three times a day for two weeks. He claims Nurse Williams and Nurse Martin then told him he would be written up if he made anymore sick calls.

Plaintiff claims that on August 4, 2014, he made a sick call because of pain in his lower back and neck. He claims the nurse ordered Ibuprofen three times a day for him and placed him on the list to see the doctor. He admits that on August 21, 2014, he was seen by Dr. Fuller and ordered Ibuprofen three times a day. He claims that Tylenol did not help his pain.

Accordingly, Plaintiff seeks compensatory and punitive damages.

## LAW AND ANALYSIS

**Medical Care**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v.

Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that after the accident, he received medical treatment upon

his arrival at Allen Correctional Center and was given blood pressure medication. He admits that on March 7, 2013, he was examined by a nurse who prescribed Tylenol and warm compresses for him. He admits that after returning to David Wade Correctional Center, he was seen by Dr. Fuller and Dr. Hearn. He admits the doctors prescribed several pain medications for him and took x-rays. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims he was retaliated against because he filed this lawsuit. He claims he was written up for malingering and fears that he will be again if he files another sick call request. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–such as the disciplinary report for malingering-would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been written up for a rule violation. In fact, he provides the disciplinary report stating that he had made more than 25 sick calls regarding his injuries and was seen at least three times by doctors. He also admits that he made at least two sick call requests after the disciplinary conviction and was not written up. Accordingly, Plaintiff's retaliation claims are frivolous and should be dismissed with prejudice.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter,

766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 15th day of April 2015.

Mark L. Hornsby
U.S. Magistrate Judge